UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES H. HAYS,

                                          Plaintiff,

                v.                                   1:05-CV-1329
                                                                 (GLS)(DRH)

FATHERS RIGHTS ASSOCIATION NYS; GEORGE
COURTNEY; GUILDERLAND POLICE DEPARTMENT;
THOMAS H. FUNK, Detective; CHARTER ONE BANK;
BRYCE CUTLER; ALBANY COUNTY DISTRICT ATTORNEYS;
SHANNON K. KEARNEY, Assistant District Attorney,

                                          Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

JAMES H. HAYS
Plaintiff, *pro se*

ROCHE, CORRIGAN LAW FIRM        ROBERT P. ROCHE, ESQ.
Counsel for Defendants Kearney
and Office of the Albany County
District Attorney

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

**I.    Introduction**

       The Clerk has sent to the Court a complaint filed by *pro se* plaintiff James H.

Hays. Hays has paid the statutory filing fee for this action.

       In his complaint, Hays states that in September, 2001, he was elected to a two-

year term on the board of directors of defendant Fathers Rights Association of New

York State ("FRANYS"). Dkt. No. 1 at 3. Hays further states that in January, 2002, he

was named Chair of the FRANYS Legislative Education and Awareness Day Committee

and was authorized to expend committee funds, as authorized by the board. *Id.* at 3.

Several months of organizational maneuvering ensued regarding the structure of FRANYS and certain affiliated organizations, as well as access to organization bank accounts. In October, 2002, Hays was arrested by Guilderland Police and charged with grand larceny in the fourth degree, relating to the alleged misuse of organizational funds. *Id.* at 9. According to Hays, the charge was presented to an Albany County Grand Jury, which issued a no bill in April, 2005. *Id.* at 11. Hays asserts claims of false arrest and malicious prosecution, and also claims that the defendants acted in bad faith and took actions injurious to him. For a complete statement of Hays' claims, reference is made to the complaint.

## II.     Discussion

Hays seeks to maintain this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v.*

2

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the Court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

**A.     FRANYS, Courtney, Charter One Bank, Bryce Cutler**

Parties may not be held liable under section 1983 unless it can be established that they have acted under the color of state law. *See, e.g.*, *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any Section 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted).

Hays has not alleged any nexus between the State of New York and either FRANYS or Charter One Bank. Rather, each of these entities appears to be a private association or corporation. Similarly, defendants Courtney and Cutler, named as defendants solely on the basis of actions allegedly taken by them as employees or agents of these private entities, cannot be said to be state actors for purposes of section 1983.

Accordingly, the complaint, as drafted, fails to state a claim for relief against

3

these defendants under 42 U.S.C. §1983 based upon the alleged violation of Hays' constitutional rights and they are dismissed as defendants in this action, without prejudice.

### B.   Shannon K. Kearney, Assistant District Attorney, and Albany County District Attorneys Office

Albany County Assistant District Attorney Shannon K. Kearney is named as a defendant in this action, as is the Office of the Albany County District Attorney.[1]  Hays claims that these defendants are responsible for delaying the presentation of the criminal charges against him to the grand jury, thereby violating his constitutional rights. Complaint at 10 -11.

"Prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).  This immunity also applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution."  *Id.* (internal quotations and citations omitted).

Accordingly, the Court finds that defendants Shannon K. Kearney and the Office of the Albany County District Attorney are absolutely immune from Hays' claims regarding the conduct of the criminal proceedings against him and dismisses them as

---

[1]  An answer to the complaint has been filed on behalf of these defendants.  Dkt. No. 11.

defendants in this action, with prejudice.

### C.     Guilderland Police Department

Hays names the Guilderland Police Department as a defendant. It is well-settled that in order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (Scullin, J.) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted). A municipality may not be held liable on the basis of respondeat superior alone. *Id*.

Herein, even a liberal reading of Hays' complaint fails to reveal such an allegation as against the Guilderland Police Department, an entity under the control of the Town of Guilderland. Therefore, the complaint, as submitted, fails to state a claim against this defendant as well.

### D.     Opportunity to file an Amended Complaint

Since Hays' complaint does not state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against seven of the eight named defendants, he is directed to file an amended complaint if he wishes to proceed with this action. Any such amended complaint must be filed **within thirty (30) days** of the filing date of this Order. The amended complaint must allege claims of misconduct or wrongdoing against one or more defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.

Any such amended complaint, **which shall replace in its entirety the original**

**complaint**, must contain a caption that clearly identifies, by name, each individual that Hays is suing in the present lawsuit and must bear the case number assigned to this action. Defendants dismissed from this action with prejudice shall not be named as defendants in any amended complaint. **The body of the amended complaint must contain a short and plain statement of facts in support of Hays' claims, set forth in sequentially numbered paragraphs**. Each paragraph shall set forth one act of misconduct or wrongdoing about which Hays complains, and shall include (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and plaintiffs' civil and/or constitutional rights. While Hays may attach exhibits to the amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims.

In the event Hays does not timely file an amended complaint in accordance with this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court.

WHEREFORE, it is hereby

ORDERED, that FRANYS, Courtney, Charter Bank, Cutler, and Guilderland Police Department are dismissed as defendants in this action, without prejudice, and it is further

ORDERED, that the complaint is dismissed as against defendants Shannon K. Kearney and the Office of the Albany County District Attorney, **with prejudice**, and it is

further

ORDERED, that if Hays wishes to proceed with this action, he is directed to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order which complies with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Decision and Order.  Defendants dismissed from this action with prejudice shall not be named as defendants in any amended complaint, and it is further

ORDERED, that the defendants' obligation to file a responsive pleading to the original complaint is stayed pending further order of this Court, and it is further

ORDERED, that upon the filing of an amended complaint, the Clerk return the file to the Court for further consideration, and it is further

ORDERED, that if Hays does not timely file an amended complaint in accordance with this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

Dated: December 22, 2005
      Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge